UNITED STATES DISCTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

SHARON MARQUEZ,

    Plaintiff,

v.

DAVID CHIVERTON, individually,
and the CITY OF OPA-LOCKA,
FLORIDA

    Defendants.

# COMPLAINT

Plaintiff Sharon Marquez sues Defendants David Chiverton, individually, and the City of Opa-locka, a Florida municipal corporation, and alleges:

*Jurisdiction and Venue*

1. Plaintiff claims damages against Defendant under the Civil Rights Act of 1964 (42 U.S.C. §§2000e, *et seq.*), the Civil Rights Act of 1871 (42 U.S.C. §1983), and §760.10(1)(a), Fla. Stat. (2015).

2. This Court has federal question jurisdiction pursuant to 42 U.S.C. §1331 and supplemental jurisdiction pursuant to 42 U.S.C. §1367.

3. Venue lies in this judicial district pursuant to 28 U.S.C. §1391 as all events giving rise to this Complaint occurred in this judicial district.

*The Parties*

4. Plaintiff is an employee of the Defendant City of Opa-locka in its code enforcement department, a position in the city's classified service, and was so at all material times.

5. Defendant David Chiverton is and was at all material times the Assistant City Manager, then Acting City Manager, presently the City Manager of the City of Opa-locka, Florida.

6. Defendant City of Opa-locka is a municipal corporation lying within Miami-Dade County, Florida.

*Count I. Ethnic Discrimination*

7. ¶¶ 1—6 are realleged.

8. Plaintiff commenced employment with the City of Opa-locka in December of 2007 in the classified service of the City of Opa-locka. Her job performance consistently equaled or exceeded her employer's standards.

9. Plaintiff is Hispanic. All other employees in her department were African-American. Plaintiff experienced racially motivated harrassment from fellow employees resulting in a hostile work environment in violation of the Civil Rights Action of 1964. Defendants were aware of the hostile work enviromnent suffered by Plaintiff, and it was pervasive and severe enough that they should have been aware of it.

10. In June of 2014, Plaintiff filed her charge of ethnic discrimination with the EEOC, Charge No. 510-2014-0252C.

11. On January 29, 2016, the EEOC issued its Notice of Right to Sue on said charge.

12. Plaintiff suffered damages as a result, including mental anguish.

13. Plaintiff incurred attorney fees and costs in bringing this action and is entitled to an award of fees upon prevailing herein.

WHEREFORE, Plaintiff demands judgment for damages, costs and attorney jointly and severally against the City of Opa-locka and demands trial by jury.

## *Count II. Denial of Due Process*

14. ¶¶ 1—6 are realleged.

15. Plaintiff commenced employment with the City of Opa-locka in December of 2007 in the classified service of the City of Opa-locka, as such with civil service protection from arbitrary discharge and seniority rights, and she had an expectation of continuing employment and thereby a protected property interest. Her job performance consistently equaled or exceeded her employer's standards.

16. On October 30, 2015, defendant David Chiverton, as Assistant City Manager and "on behalf of Steve Shiver, City Manager," informed Plaintiff by letter that her employment with the City of Opa-locka was terminated affective the following day, October 31, 2015. The only reason stated was "as a result of budgetary constraints." No alternative position was offered.

17. At all material times, Defendant City Manager Chiverton acted under color of state law and with disregard of Plaintiff's due process rights, thereby violating 42 U.S.C. §1983.

18. Defendants' stated reason for dischargding Plaintiff was pretextual. Less than a month after discharging Plaintiff, Defendant replaced Plaintiff with a newly-hired employee.

19. Plaintiff had rights as a classified employee to appeal her dismissal to the City's Personnel Board upon being hired and thereafter, but the City eliminated that right by Charter Amendment enacted before her termination. The City Manager had final decision-making authority to terminate Plaintiff at the time of her termination.

20. As a result of her discharge from employment, Plaintiff lost wages and benefits and suffered mental anguish from the date of her termination to the date of her re-hire upon Plaintiff's counsel's demand in the same position on January 25, 2016.

21. Plaintiff incurred attorney fees and costs in bringing this action and is entitled to an award of fees upon prevailing herein.

WHEREFORE, Plaintiff demands judgment for damages, costs and attorney fees jointly and severally against Defendants David Chiverton and the City of Opa-locka and demands trial by jury.

### Count III. State statutory cause of action for racial discrimination

22. ¶¶ 1—6 are realleged.

23. The Florida Civil Rights Act of 1992 prohibits an employer's discharge of an employee on the basis of race or color, and such discharge is an actionable unlawful employment practice under the Act.

24. Defendants discharged Plaintiff because of her race and immediately replaced her with a newly-hired African-American person. Defendant's stated reason of "budgetary constraints" was entirely pretextual. As a direct and proximate result, Plaintiff suffered damages as aforesaid.

25. Plaintiff incurred attorney fees in bringing this action and is entitled to an award of fees upon prevailing herein.

WHEREFORE, Plaintiff demands judgment for damages, costs and attorney fees jointly and severally against Defendants David Chiverton and the City of Opa-locka and demands trial by jury.

### Count IV. State statutory cause of action for racially discriminatory hostile work environment

26. ¶¶ 1—6 are realleged.

27. The Florida Civil Rights Act of 1992 prohibits an employer's maintenance or toleration of a racially hostile work environment, and the same is an actionable employment practice under the Act.

28. Plaintiff suffered a racially hostile work environment which was so pervasive and severe that Defendant knew of it or should have known of it, and suffered damages as a result, including emotional anguish.

29. Plaintiff incurred attorney fees in bringing this action and is entitled to an award of fees upon prevailing herein.

WHEREFORE, Plaintiff demands judgment for damages, costs and attorney fees against Defendants David Chiverton and the City of Opa-locka, jointly and severally, and further demands trial by jury.

Dated: April 25, 2016.                                  Respectfully submitted,

*s/ James H. Greason*
James H. Greason, 247911
email:  JHGreason@msn.com
P. O. Box 800351
Aventura, FL  33280-0351
Telephone:     305-582-9158
Attorney for Plaintiff